Gexsikb, and Waties, Justices,
inclined to consider the plea of infancy, in such case as this, insufficient to avoid the promise. They agreed, however, with the rest of the court, finally, in refusing to set aside the nonsuit. But they were of opinion, that the plaintiff might maintain an action, in another form, founded on the deceit practised on her by the defendant,*
Johnson, Tbezkvant, and Bkbvaed, Justices,
were clear that the promise was voidable by the defendant at his election.†
The judges all agreed that the evidence of infancy had been properiy admitted under the pica of non assumpsit. '
Motion overruled.

 Quiere de Hoc. See 1 Keb. 778, 908. 1 Siderfin, 358, 129. 3 Keble, 59. A plaintiff cannot conven an action, founded on contract, into a toit, so as to charge an infant defendant. 8 Term Rep. 3115. [An action of deceit will lie . against an infant on a warranty for the sale of a hoise. Wood ads Vance, 1 N. and M. 197.]

 vide Bac. Abr. Infancy and Age. I. 3. 3 Burr. 1796. 1 Lofft’s Gilb. Ev. 52. 1 Pow. on Con, 39. The contract is voidable at the election of the infant ; and, therefore, if the defendant had been of age at the time of the promise, he could have taken no advantage of the plaintiff’s minority. Holt v. Clarencieux, 2 Str. 937.